**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

---

No. 00-31487 c/w 01-30410

---

JOY CORTINAS, Individually and on behalf of her minor son, Edward Michael Cortinas,

                              Plaintiff - Appellant - Cross-Appellee,

                    VERSUS

   HIGHWAY TRANSPORT, INC; LIBERTY MUTUAL INSURANCE COMPANY,

                                        Defendants - Appellees,

                    FLYING J, INC.,

                    Defendant - Appellee - Cross-Appellant.

---

Appeals from the United States District Court
For the Eastern District of Louisiana, New Orleans
(00-CV-1661-M)

---

November 26, 2001

Before KING, Chief Judge, DAVIS, Circuit Judge, and MAGILL[*], District Judge.

PER CURIAM:[**]

     After reviewing the record and considering the briefs and argument of counsel we are satisfied that the district court correctly dismissed this suit against Flying J on grounds that

---

     [*]Circuit Judge of the 8th Circuit, sitting by designation.

     [**]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Flying J owed no legal duty to Mr. Cortinas that was breached. Essentially for the reasons assigned by the district court, we therefore affirm the dismissal of this action against Flying J but decline to impose sanctions against Ms. Cortinas.

With respect to the action by Cortinas against Highway Transport and Liberty Mutual, counsel advised us at argument that Cortinas workers' compensation action was resolved by the Louisiana Office of Workers' Compensation. The workers' compensation judge granted Highway Transport and Liberty Mutual's Motion for Summary Judgment and dismissed the workers' compensation action against those parties. Cortinas lodged an appeal to the Louisiana Court of Appeals for the Fifth Circuit, and argument was heard on their appeal on November 6, 2001. In view of the progress of this litigation in the state court, we conclude that it is prudent to allow the state court to interpret its workers' compensation statute. To accomplish this result, we therefore vacate the judgment of the district court dismissing this action against Highway Transport and Liberty Mutual and remand this case with directions to stay Cortinas' action against these parties pending resolution of the worker's compensation action disposition by the Louisiana appellate courts.

AFFIRMED IN PART, VACATED IN PART AND REMANDED.